

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD LEE REEVES, III,<br><br>         Petitioner,<br><br>v.<br><br>RAYMOND MADDEN, Warden,<br><br>         Respondent. | Case No.: 19cv1886-WQH(RBB)<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: GRANTING IN PART AND DENYING IN PART MOTION TO STAY AND ABEY [ECF NO. 4]** |

On September 30, 2019, Donald Lee Reeves, III, a state prisoner proceeding pro se and in forma pauperis, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 against Respondent Raymond Madden, Warden [ECF No. 1]. Petitioner simultaneously filed a Motion to Stay and Abey, or Stay Petition and Dismiss Unexhausted Claims [ECF No. 4], with an attached Memorandum of Points and Authorities [id. at 2-6] and a Declaration of Donald Lee Reeves [id. Attach. #1]. For the reasons set forth herein, the Court **RECOMMENDS** that Petitioner's motion be **GRANTED IN PART** and **DENIED IN PART**.

/ / /

/ / /

/ / /

## I. FACTUAL AND PROCEDURAL BACKGROUND

In a court trial held in 2016, Petitioner was convicted of two counts of murder (counts 1 and 3), three counts of robbery (counts 2, 4, and 5), two counts of assault by means likely to produce great bodily injury (counts 6 and 7), and possession of methamphetamine (count 9). (Pet. 1-2, 155-56, 231-35, ECF No. 1.) The trial court found that special circumstance allegations of multiple murder and robbery-murder were true. (Id. at 2, 156.) Reeves was sentenced to two consecutive terms of life in prison without the possibility of parole. (Id. at 1, 156.) Petitioner appealed, raising the following six claims: ground one challenged the sufficiency of the evidence to support the conviction for the robbery in count 4; grounds two and four disputed the felony murder convictions in counts 1 and 3; grounds three and five asserted the robbery-murder special circumstance findings in counts 1 and 3 lacked evidence; and ground six alleged that two indeterminate sentences of life in prison without parole constituted cruel and unusual punishment under the California and United States Constitutions. (Id. at 2, 39-42.) The California Court of Appeal affirmed the trial court judgment on March 28, 2018. (Id. at 2, 155-76.) Petitioner filed a petition for review with the California Supreme Court raising the same six grounds; the petition was summarily denied on June 27, 2018. (Id. at 2, 131.) Reeves filed a petition for a writ of certiorari before the United States Supreme Court, which was denied on November 13, 2018. (Id. at 3, 530.) He did not seek collateral review in state court prior to filing his federal petition. (Id. at 3.)

On September 26, 2019, Petitioner constructively filed the present Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, raising eight claims. Reeves reasserts grounds one through six from his direct appeal and adds two additional claims: ground seven alleges that the trial court erred by failing to remove his trial counsel, constructively denying him effective assistance of counsel; and ground eight contends that Petitioner's trial counsel was ineffective because he failed to investigate potential defenses. (Id. at 6-13.) Petitioner concedes that grounds seven and eight were not exhausted in state court. (Id. at 12-13.)

Petitioner states that on the same day he constructively filed his federal petition, he filed a Petition for Writ of Habeas Corpus in San Diego Superior Court. (Mot. Stay Attach. #1 Reeves Decl. 1, ECF No. 4.) His state petition seeks relief on his two unexhausted claims, grounds seven and eight of his federal petition. (See Pet. 187-229, ECF No. 1.) At the same time he filed his federal petition, Petitioner also filed a separate Motion to Stay and Abey Petition, or Stay Petition and Dismiss Unexhausted Claims, asking the Court to stay his federal petition and hold the proceedings in abeyance to permit him to return to state court to exhaust his additional claims under the "stay and abey" procedure set forth in Rhines v. Weber, 544 U.S. 269 (2005), or to stay the case under the "withdrawal and abeyance" procedure under King v. Ryan, 564 F.3d 1133 (9th Cir. 2009). (Mot. Stay 1, ECF No. 4.) On October 30, 2019, Respondent filed an opposition, arguing that Reeves is not entitled to a stay under Rhines because he has not shown good cause. (Opp'n 1, 3, ECF No. 8.) Respondent, however, does not oppose a stay of only the exhausted claims under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) (overruled on other grounds by Robbins v. Carey, 481 F.3d 1143, 1149) (9th Cir. 2001). (Id.) Petitioner was provided a deadline of December 12, 2019, to file a reply, but he did not do so.

## II. LEGAL STANDARDS

A federal court may not address a petition for writ of habeas corpus unless the petitioner has exhausted state remedies with respect to each claim raised. See 28 U.S.C.A. § 2254(b)(1)(A) (West 2006); Picard v. Connor, 404 U.S. 270, 275 (1982). Generally, to satisfy the exhaustion requirement, a petitioner must "'fairly present[]' his federal claim to the highest state court with jurisdiction to consider it," or "demonstrate[] that no state remedy remains available." Johnson v. Zemon, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted). Pursuant to the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), all federal habeas petitions are subject to a one-year statute of limitations, and claims not exhausted and presented to the federal court within the one-year period are forfeited. 28 U.S.C.A. § 2244(d)(1) (West 2006); Dixon v. Baker, 847

F.3d 714, 719 (9th Cir. 2017). A district court may not consider a "mixed" federal habeas petition containing both exhausted and unexhausted claims. Rose v. Lundy, 455 U.S. 509, 522 (1982).

Under Rhines, a district court has discretion to stay a mixed federal habeas petition while the petitioner returns to state court to exhaust any unexhausted claims without losing his right to federal habeas review due to the one-year statute of limitations. Rhines, 544 U.S. at 275-76. Once the petitioner exhausts the state court remedies for all of his claims, the district court lifts the stay and allows the petitioner to proceed in federal court on all claims. See id. The "stay and abey" procedure is available only in "limited circumstances" when the following three conditions are met: (1) the petitioner demonstrates "good cause" for failing to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner engaged in dilatory litigation tactics. Id. at 277-78; see also Wooten v. Kirkland, 540 F.3d 1019, 1023 (9th Cir. 2008). "When implemented, the Rhines exception eliminates entirely any limitations issue with regard to the originally unexhausted claims, as the claims remain pending in federal court throughout." King, 564 F.3d at 1140.

A petitioner may also be granted a stay under the "withdrawal and abeyance" procedure outlined by the Ninth Circuit in Kelly, 315 F.3d at 1070-71, and King, 564 F.3d at 1135, 1140-41. The withdrawal and abeyance procedure involves three steps: (1) the petitioner amends his petition to delete any unexhausted claims; (2) he requests that the court stay the proceedings and hold the fully exhausted petition in abeyance while he returns to state court to exhaust the deleted claims; and (3) the petitioner subsequently seeks to amend his federal habeas petition to include the newly exhausted claims after exhaustion is complete. King, 564 F.3d at 1135 (citing Kelly, 315 F.3d at 1070-71). Although this procedure does not require the petitioner to demonstrate good cause for his failure to timely exhaust, the newly exhausted claims must be either timely under the statute of limitations or must "relate back" to the claims in the fully exhausted federal

4

petition. Id. at 1140-41; see also Mayle v. Felix, 545 U.S. 644, 662-64. A new claim relates back to an existing claim if the claims share a "common core of operative facts." Mayle, 545 U.S. at 664.

## III. DISCUSSION

### A. Stay Pursuant to *Rhines*

In Rhines, the Supreme Court cautioned that its stay procedure must not run afoul of AEDPA's twin purposes—reducing delays in the execution of state and federal criminal sentences and encouraging petitioners to seek relief from state court in the first instance. Rhines, 544 U.S. at 276 (citations omitted). To address this concern, the "stay and abey" procedure under Rhines requires that (1) the petitioner demonstrate "good cause" for failing to exhaust his claims in state court, (2) the unexhausted claims be potentially meritorious, and (3) there be no indication that the petitioner engaged in dilatory litigation tactics. Id. at 277-78.

#### 1. Good cause for failure to exhaust

##### a. Petitioner has not established good cause under *Rhines*

The stay and abey procedure under Rhines is appropriate only when the district court determines there was good cause for the petitioner's failure to first exhaust his claims in state court. Id. "The caselaw concerning what constitutes 'good cause' under Rhines has not been developed in great detail." Dixon v. Baker, 847 F.3d 714, 720 (9th Cir. 2017) (citing Blake v. Baker, 745 F.3d 977, 980 (9th Cir. 2014)). In the Ninth Circuit, good cause "turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify [the failure to exhaust a claim in state court]." Blake, 745 F.3d at 982 (citing Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005)). A showing of good cause does not require "extraordinary circumstances," (see Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005)), but a petitioner may not simply assert that he was "under the impression" that a claim had been exhausted, (see Wooten, 540 F.3d at 1024). "An assertion of good cause without evidentiary support will not typically amount to a reasonable excuse justifying a petitioner's failure to exhaust." Blake, 745 F.3d at

982. A reasonable excuse supported by evidence, however, does constitute good cause. Id.

Here, Petitioner has not set forth a reasonable excuse, supported by evidence, to support a finding of good cause for his failure to exhaust grounds seven and eight of his federal petition in state court. Reeves attests that in the course of preparing his federal habeas petition, he "discovered several meritorious claims that had not been exhausted in the California courts," including ineffective assistance of trial and appellate counsel claims. (Mot. Stay Attach. #1 Reeves Decl. 1, ECF No. 4.) In his federal petition, he hints that the failure to exhaust grounds seven and eight of his federal petition rested on his counsel: "Petitioner found grounds that should have been raised by trial and [a]ppeal counsel and [they] failed to do so[.]" (Pet. 5, ECF No. 1.) Petitioner Reeves provides no further argument concerning good cause nor does he support his assertions with any evidence. He does not provide any explanation about why he did not pursue grounds seven and eight in state court collateral proceedings prior to filing his federal petition. While he has apparently now filed a petition for writ of habeas corpus in state court, he has not expressed any confusion about whether his state filing was timely. See, e.g., Pace, 544 U.S. at 416 ("A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court."). In short, Petitioner's bare assertions are insufficient to support a showing of good cause. See Blake, 745 F.3d at 982 (stating that showing of good cause requires a reasonable excuse supported by sufficient evidence).

### b. Petitioner cannot rely on his pro se status to show good cause

Respondent argues that the absence of counsel is insufficient to show good cause. (See Opp'n 2-3, ECF No. 8.) In Dixon v. Baker, the Ninth Circuit noted that it had previously held that ineffective assistance by post-conviction counsel can be good cause for a Rhines stay. See Dixon, 847 F.3d at 720-21 (citing Blake, 745 F.3d at 982-83). The court accordingly found that the petitioner in Dixon had established good cause for his failure to exhaust his claims in state court because he was not represented by counsel in

6

his state postconviction proceedings. Dixon, 847 F.3d at 720-21. The court reasoned that "[a] petitioner cannot have had effective assistance of counsel if he had no counsel at all." Id. at 721. The court explained:

> A petitioner who is without counsel in postconviction proceedings cannot be expected to understand the technical requirements of exhaustion and should not be denied the opportunity to exhaust a potentially meritorious claim simply because he lacked counsel. Such a denial strikes us as unwarranted when even a petitioner who *did* have counsel in his state post-conviction proceedings has a path to a stay under Rhines if he alleges a plausible claim that his post-conviction counsel was ineffective.

Id. at 721-22 (citing Blake v. Baker, 745 F.3d at 983-84). Respondent contends that the present case is distinguishable from Dixon because Reeves, who was represented by counsel through his direct appeal but is now pro se, did not file a state habeas petition prior to filing in federal court and thus did not appear pro se in his state post-conviction proceedings. (Opp'n 3, ECF No. 8.)

In Torres v. McDowell, 292 F. Supp.3d 983 (C.D. Cal. 2017), the district court, in a factually similar situation as here, found Dixon inapplicable when there have been no state post-conviction proceedings. The petitioner in Torres simultaneously filed his federal petition, motion for stay, and state superior court habeas petition just over a month before the federal statute of limitations was apparently set to expire. Id. at 990. The petitioner was not represented by counsel in his superior court habeas proceeding. Id. The district court found that the Ninth Circuit's reasoning in Dixon did not apply because Torres, whose superior court petition was his first attempt at state court exhaustion and who was clearly aware that his claims were exhausted because he filed his motion to stay in federal court the same day, was not "denied the opportunity to exhaust a potentially meritorious claim simply because he lacked counsel." Id. (quoting Dixon, 847 F.3d at 721). The same rationale applies here, and thus the Court agrees with Respondent that Petitioner cannot rely on Dixon v. Baker to establish good cause.

////

Because Petitioner has failed to show good cause for his failure to exhaust, the Court need not consider the second and third Rhines factors. See Wooten, 540 F.3d at 1023.

Based on the foregoing, the Court **RECOMMENDS** that Petitioner's motion for a Rhines stay be **DENIED**.

### B. Stay Under *Kelly/King*

Under the Kelly and King cases, the Court may stay a petition containing only exhausted claims while allowing the petitioner to proceed to state court to exhaust additional claims. King, 564 F.3d at 1135 (citing Kelly, 315 F.3d at 1070-71). As set forth above, a stay under the withdrawal and abeyance procedure set forth in Kelly and King involves three steps: (1) the petitioner amends his petition to delete any unexhausted claims; (2) he requests that the court stay the proceedings and hold the fully exhausted petition in abeyance while he returns to state court to exhaust the deleted claims; and (3) the petitioner subsequently seeks to amend his federal habeas petition to include the newly exhausted claims after exhaustion is complete. King, 564 F.3d at 1135 (citing Kelly, 315 F.3d at 1070-71). A petitioner is only allowed to add his newly-exhausted claims back into the federal petition if the claims either are independently timely under AEDPA or "relate back" to the exhausted claims in the pending petition. King, 564 F.3d at 1140-41. As explained in King, because of AEDPA's one-year statute of limitations, "demonstrating timeliness will often be problematic" for a petitioner and, therefore, the process is not only cumbersome, but risky. King, 564 F.3d at 1140-41.

A Kelly/King stay does not impose the good cause requirement associated with a Rhines stay. See King, 564 F.3d at 1135. Under the circumstances of this case, a Kelly/King stay is warranted. Moreover, Respondent does not oppose a stay under the Kelly and King procedures. (Opp'n 1, 3, ECF No. 8.) Accordingly, it is **RECOMMENDED** that Petitioner's motion for a Kelly/King stay be **GRANTED**.

### IV. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that Petitioner's motion to stay and abey be **GRANTED IN PART** and **DENIED IN PART**. The Court

8

19cv1886-WQH(RBB)

recommends that Petitioner's motion for a stay pursuant to Rhines be **DENIED** but his motion for a Kelly/King stay be **GRANTED**.

The Court further **RECOMMENDS** that:

1. Petitioner be granted thirty days to file a First Amended Petition that deletes his unexhausted claims (grounds seven and eight in his original federal petition);

2. Petitioner be required to file a status report to update the Court on his progress in exhausting his claims (grounds seven and eight) every sixty days;

3. Petitioner be required to lodge with the Court a file-stamped copy of each state-court petition and, as soon as any state court rules on any of his petitions, a copy of the ruling;

4. If Petitioner does not obtain relief from the state courts, his First Amended Petition should be held in abeyance until thirty days after the California Supreme Court denies Petitioner's unexhausted claims. During that thirty day period, Petitioner should be required to file a motion to amend the First Amended Petition to add his newly exhausted claims and should lodge a proposed Second Amended Petition. In the motion, Petitioner must demonstrate that the claims are timely or relate back to the original exhausted claims, and he should attach a copy of the California Supreme Court's ruling on his state-court petition; and

5. Petitioner be warned that the failure to strictly comply with the above requirements may result in this action being dismissed for failure to prosecute or comply with court orders, or the stay being lifted and the Court proceeding to adjudicate only the six exhausted claims in the First Amended Petition.

**IT IS HEREBY ORDERED** that any party to this action may file written objections with the Court and serve a copy on all parties **February 3, 2020**. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any Reply to the Objections shall be filed with the Court and served on all parties **February 24, 2020**. The parties are advised that failure to file objections within the specified time may waive the right to raise those

objections on appeal of the Court's Order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

Dated: January 7, 2020

Hon. Ruben B. Brooks
United States Magistrate Judge