UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD LEE REEVES, III,<br><br>　　　　　　　　　　　Petitioner,<br><br>v.<br><br>RAYMOND MADDEN, Warden,<br><br>　　　　　　　　　　　Respondent. | Case No.: 19-CV-1886-WQH(WVG)<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: ORDER TO SHOW CAUSE RE DISMISSAL FOR FAILURE TO PROSECUTE AND LIFT STAY AND ABEY** |

This case is currently stayed pursuant to *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003) and *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009) (allowing court to stay habeas petition containing only exhausted claims while allowing petitioner to proceed to state court to exhaust additional claims). (*See* Order, Feb. 12, 2020, ECF No. 14.) Donald Lee Reeves, III ("Petitioner") is required to provide a status report every sixty days regarding his progress in exhausting claims seven and eight of his original federal petition for writ of habeas corpus in California state court. (*Id.* at 2.)[1]

---

[1] Petitioner's original federal habeas petition asserted eight grounds for relief, the first six of which were exhausted in state court: ground one challenged the sufficiency of the evidence to support his robbery conviction; grounds two and four disputed his felony

On October 3, 2022, Petitioner filed a status report indicating he had conducted legal research and "will draft a new writ based on what I just discovered, because I acknowledge now that petitioner[']s writ currently does not have any merit." (Status Report 1, ECF No. 54 at 2.) Petitioner also indicated that he intended to file state bar complaints against his trial and appellate attorneys. (*Id.*)

On November 17, 2022, Magistrate Judge Ruben B. Brooks issued an Order to Show Cause which directed Petitioner to submit briefing on why the Court should not dismiss this matter or, in the alternative, lift the stay and proceed on the claims in the First Amended Petition. ("OSC", ECF No. 55.) The Court granted two continuances of Petitioner's filing deadline, upon such requests from Petitioner. (ECF No. 58 and 61.) To date, Petitioner has not filed any requests for continuances of his filing deadline, nor has he filed any response to the Court's November 17, 2022 OSC.

For the reasons set forth herein, the Court **RECOMMENDS** that Petitioner's unexhausted claims (grounds seven and eight) be dismissed for failure to prosecute, and the Court should lift the stay and proceed with the exhausted claims (grounds one through six) in Petitioner's First Amended Complaint.

### I. PROCEDURAL BACKGROUND

On September 30, 2019, Petitioner, a state prisoner proceeding pro se and in forma pauperis, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 raising eight claims against Respondent Raymond Madden, Warden ("Respondent"). (ECF No. 1). Petitioner's Writ of Habeas Corpus reasserted grounds one through six from his direct

---

murder convictions; grounds three and five asserted a lack of evidence as to robbery-murder special circumstance findings; ground six alleged that two indeterminate sentences of life in prison without parole constituted cruel and unusual punishment under the California and United States Constitutions; ground seven asserted that the trial court erred by failing to remove his trial counsel, constructively denying him effective assistance of counsel; and ground eight contended that Petitioner's trial counsel was ineffective because he failed to investigate potential defenses. (Pet. 6-13, ECF No. 1.)

appeal to the California Court of Appeal and California Supreme Court, and added two additional claims: ground seven which alleges that the trial court erred by failing to remove his trial counsel, constructively denying him effective assistance of counsel; and ground eight, which contends that Petitioner's trial counsel was ineffective because he failed to investigate potential defenses. (*Id.* at 6-13.) Petitioner concedes that grounds seven and eight were not exhausted in state court. (*Id.* at 12-13.) Petitioner simultaneously filed a Motion to Stay and Abey or Stay Petition and Dismiss Unexhausted Claims. (ECF No. 4).

On January 7, 2020, Magistrate Judge Ruben B. Brooks issued a Report and Recommendation recommending that Honorable William Q. Hayes grant Petitioner's Motion for Stay pursuant to *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003) and *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009), deny Petitioner's Motion for Stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), and require Petitioner to file a status report every sixty days to update the Court on the status of Petitioner's progress in exhausting claims seven and eight of his Petition. (ECF No. 11.)

On February 10, 2020, Petitioner filed the First Amended Petition. (ECF No. 13). The First Amended Petition deleted the unexhausted claims (grounds seven and eight) of Petitioner's original Petition. (*Id.*)

On February 12, 2020, Judge Hayes adopted the Report and Recommendation in its entirety, granting Petitioner's Motion to Stay pursuant to *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003) and *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009). (ECF No. 14.) Petitioner was required to provide a status report every sixty days regarding his progress in exhausting claims seven and eight of his original federal petition for writ of habeas corpus in California state court. (*Id.* at 2.)

According to previous status reports, Reeves filed a habeas petition purporting to seek relief on grounds seven and eight in San Diego Superior Court on October 2, 2019. (*See* Pet'r's Filing 9-395, ECF No. 17.) The petition was denied on October 9, 2019. (*Id.* at 3-8.) Petitioner then filed a habeas petition with the California Court of Appeal, Fourth District, on January 30, 2020. (*See* Pet'r's Filing 5-410, ECF No. 16.) This petition was

denied on March 4, 2020. (*See* Status Report 2-3, ECF No. 28.)

Petitioner's status reports since April 2020 have provided various reasons that he has been unable to proceed with filing a petition for review with respect to claims seven and eight in the California Supreme Court. On or after April 8, 2020, Petitioner was transferred from Centinela State Prison to Kern Valley State Prison due to a mental health emergency. (Status Report 2-4, ECF No. 23.) On October 5, 2020, December 11, 2020, and February 1, 2021, he stated that he was unable to proceed with his petition for review while at Kern Valley because he did not have access to his personal property, including his legal materials, and was delayed transfer to permanent housing at Avenal State Prison due to the COVID-19 pandemic. (*See* Status Reports, ECF Nos. 25, 27, 28.) In his March 5, 2021 status report, Reeves reported that he had finally been transferred to Avenal. (Status Report 2, ECF No. 31.) On May 11, 2021, Petitioner advised that he was using the prison grievance procedure to locate missing legal materials but was encountering difficulties due to the unavailability of prison appeal forms and law library access. (Status Report 2-3, ECF No. 34.)

In his status report filed on July 12, 2021, Petitioner stated that he was still in the process of retrieving his legal paperwork, including two boxes that he believed were confiscated by Kern Valley State Prison. (Status Report 2, 6-7, ECF No. 38.) He was trying to resolve this and other problems but continued to encounter difficulties due to the unavailability of prison appeal forms at Avenal. (*Id.*) His status reports filed on September 23, 2021, November 22, 2021, and January 21, 2022, indicated that he was continuing his efforts to recover his legal materials. (*See* Status Reports, ECF Nos. 40, 42, 44.) On March 22, 2022, Petitioner reported that he had requested copies of legal materials from San Diego Superior Court and was using the prison grievance process at Avenal to assist with his efforts. (Status Report 1-2, ECF No. 46.) In his May 26, 2022 report, Reeves advised that he not made any progress with retrieving his legal materials because he had been transferred to a California Health Care Facility and was quarantined due to testing positive for COVID-19. (Status Report 1, ECF No. 50.) In his status report filed on July 29, 2022,


Petitioner indicated that he was awaiting a response from San Diego Superior Court regarding his request for his legal materials, and movement in his prison was limited due to continued COVID-19 outbreaks. (Status Report 1, ECF No. 52.)

In his October 3, 2022 status report, Petitioner advised that he had just learned that the requests he previously sent to San Diego Superior Court for copies of his legal materials were sent to the wrong address. (Status Report 1, ECF No. 54.) Petitioner also stated he had conducted legal research and "will draft a new writ based on what I just discovered, because I acknowledge now that petitioner[']s writ currently does not have any merit." (*Id.* at 2.) Reeves also indicated that he intended to file state bar complaints against his trial and appellate attorneys. (*Id.*)

On November 17, 2022, Magistrate Judge Ruben B. Brooks issued an Order to Show Cause which directed Petitioner to submit briefing on why the Court should not dismiss this matter or, in the alternative, lift the stay and proceed on the claims in the First Amended Petition. ("OSC", ECF No. 55.) The Court stated it is unclear whether Petitioner contemplates filing a new federal petition for writ of habeas corpus or a new state habeas petition, and whether he plans to pursue state bar complaints against his trial and appellate attorneys instead of proceeding with grounds seven and eight of his original federal petition. (*Id.* at 3.) The Court also stated it is unclear whether Petitioner is conceding that this current federal First Amended Petitioner, in which he deleted his unexhausted claims, is without merit, or if he believes that only the unexhausted claims (grounds seven and eight) are without merit. (*Id.* at 3-4.)

On January 25, 2023, upon Petitioner's first request for a continuance, the Court continued Petitioner's filing deadline by 30 days to February 16, 2023. (ECF No. 58.) On March 27, 2023, the Court granted Petitioner's second request for a 30-day continuance, extending his filing deadline to May 1, 2023. (ECF No. 61.) The Court cautioned Petitioner that he must make a concerted, good faith effort to meet the May 1, 2023 deadline and that any further request for continuances would be denied absent an unequivocal showing of good cause. (*Id.*)

To date, Petitioner has not filed any requests for continuances of his filing deadline, nor has he filed any response to the Court's November 17, 2022 OSC.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) grants district courts the authority to dismiss actions *sua sponte* for failure to prosecute or to comply with court orders. *Link v. Wabash R.R.*, 370 U.S. 626, 629-31 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."); *see also Benjamin v. Frauenheim*, EDCV151132RSWLKK, 2015 WL 9267200, at *3 (C.D. Cal. Dec. 17, 2015), judgment entered, EDCV151132RSWLKK, 2015 WL 9289501 (C.D. Cal. Dec. 17, 2015); *see also Jimenez v. Asuncion*, LACV1606790VBFSK, 2018 WL 11355923, at *2 (C.D. Cal. Jan. 5, 2018). A court may dismiss a petition if the petitioner fails to prosecute and follow the deadlines outlined in a report and recommendation. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Additionally, if a petitioner has not responded to an Order to Show Cause regarding his unexhausted claims, the court may dismiss the claims. *See Branch v. Dickinson*, CV 09-07238 PSG (SS), 2010 WL 129678, at *3 (C.D. Cal. Jan. 8, 2010).

Dismissal, however, "is a harsh penalty and is to be imposed only in extreme circumstances." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). In considering whether to dismiss an action for failure to prosecute or to comply with a court order, the Court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan*, 291 F.3d at 642.

/ / /
/ / /
/ / /
/ / /

### III. DISCUSSION

#### a. Dismissal of Petitioner's Unexhausted Claims Due to Petitioner's Failure to Prosecute and Comply with Court Orders

Here, the five factors weigh in favor of dismissing Petitioner's unexhausted claims, grounds seven and eight, due to Petitioner's failure to prosecute and abide by the Court's orders.

##### i. Expeditious Resolution of Litigation and The Court's Need to Manage Its Docket

The first two factors — public interest in expeditious resolution of litigation and the need to manage the Court's docket — weigh in favor of dismissal. The Court's Order staying this case warned Petitioner that "failure to strictly comply with the requirements set out in that order may result in this action being dismissed for failure to prosecute or comply with court orders, or they stay being lifted and the Court proceeding to adjudicate only the six exhausted claims in the First Amended Petition. (ECF No. 14 at 3.) Likewise, the Court has advised Petitioner multiple times of his requirement to timely file a response to the Order to Show Cause. (ECF No. 55, 58, 61.) Petitioner, however, has failed to communicate with the Court. Petitioner's conduct hinders the Court's ability to move this case toward disposition and indicates that Petitioner does not intend to litigate this action diligently.

##### ii. The Risk of Prejudice to Petitioner/Respondent

The third factor — prejudice to Respondent —also favors dismissal. The prejudice to a defendant simply from the pendency of a lawsuit is insufficient, on its own, to warrant dismissal. *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984). The risk of prejudice, however, is related to the plaintiff's reason for defaulting. *Pagtalunan*, 291 F.3d at 642. Here, although Petitioner previously requested two extensions of his deadline to file a response to the OSC, Petitioner has not requested any further extensions of time or offered any excuse for his failure to respond to the Court's March 27, 2023 Order. The Court's March 27, 2023 Order set a deadline of May 1, 2023 for Petitioner to respond. As of the

date of this order, more than two months after the May 1, 2023 deadline, Petitioner has failed to communicated any requests for extension nor provided any reason for his failure to respond to the OSC. Where a party offers a poor excuse for failing to comply with a court's order, the prejudice to the opposing party is sufficient to favor dismissal. *Yourish v. Cal. Amplifier*, 191 F.3d 983, 991-92 (9th Cir. 1999). Here, Petitioner has offered no excuse for failing to file a response and therefore the "prejudice" element favors dismissal.

### iii. The Availability of Less Drastic Alternatives

The fourth factor — the availability of less drastic sanctions — ordinarily counsels against dismissal. The Court has, however, attempted to avoid outright dismissal by granting Petitioner two extensions of time to file his response to the OSC. The Court is also not recommending that Petitioner's exhausted claims, grounds one through six, be dismissed. The Court has, therefore, explored meaningful alternatives to dismissal. *See Henderson*, 779 F.2d at 1424 ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."). Sanctions other than dismissal of Petitioner's unexhausted claims do not appear to be appropriate given that Petitioner has failed to participate in his own litigation.

### iv. The Public Policy Favoring Disposition of Cases on Their Merits

The fifth factor — public policy favoring disposition of cases on their merits — also ordinarily weighs against dismissal. Notwithstanding this policy, "it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Petitioner has not discharged this responsibility in two respects despite having ample time. In the first respect, the Court has provided Petitioner approximately seven-and-a-half months to respond to the Court's OSC. In the second respect, this case was stayed on February 11, 2020. To date, Petitioner has had three years to exhaust his seventh and eight claim and demonstrate his efforts to move this case towards disposition at a reasonable pace. Under these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh Petitioner's failure to prosecute and comply with

the Court's orders.

### b. Dismissal of Petitioner's Unexhausted Claims is Warranted

Based upon the foregoing, the Court concludes that dismissal of the unexhausted claims is warranted under Rule 41(b). The Court recommends dismissal of the unexhausted claims on the additional basis of Petitioner's failure to prosecute and obey court orders. Petitioner was advised in the Court's OSC and the two orders extending the deadline to file a response about the possibility of dismissal in the event of a failure to file a response to the OSC. (ECF No. 55, 58, 61.) In addition, Petitioner will be given further notice by service of this Report and Recommendation. Petitioner will also have the opportunity to file Objections to this Report and Recommendation if he wishes to contest the dismissal of his unexhausted claims.

### c. Lifting Stay and Proceeding with Petitioner's Exhausted Claims

In accordance with the Court's analysis above, the Court further recommends that the stay on Petitioner's exhausted claims (grounds one through six) be lifted, and the Court proceed with Petitioner's First Amended Complaint.

## IV.  CONCLUSION AND RECOMMENDATION

IT IS RECOMMENDED that the District Court issue an Order: (1) accepting and adopting this Report and Recommendation; (2) dismissing Petitioner's unexhausted claims, grounds seven and eight; and (3) lifting the stay and abeyance on Petitioner's exhausted claims, grounds one through six, and proceeding with Petitioner's First Amended Petition.

**IT IS SO ORDERED.**

Dated: July 6, 2023

_____
Hon. William V. Gallo
United States Magistrate Judge